UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
A.W., by and through his parent and guardian,  Case No. 25 CV 2937
KAMESHA MCCLAIN, and KAMESHA
MCCLAIN, individually,  **COMPLAINT**
            Plaintiffs

    -against-
                                      JURY DEMAND

THE CITY OF NEW YORK, DETECTIVE
JOHNPATRICK C. HARRIGAN [TAX REG. #950561],
and JOHN DOE AND JANE DOE #1-6 (the names John
and Jane Doe being fictitious,as the true names are
presently unknown),
            Defendants.
------------------------------------------------------------------X

Plaintiffs, A.W. by and through his parent and guardian, KAMESHA MCCLAIN, and KAMESHA MCCLAIN, individually, by their attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, Detective Johnpatrick C. Harrigan [Tax Reg. #950561], and John Doe and Jane Doe #1-6 (collectively, "defendants"), respectfully alleges as follows:

<u>NATURE OF THE ACTION</u>

1.       This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4. Plaintiffs timely made and served their notice(s) of claim in compliance with N.Y. Gen. Mun. Law §50-e.

5. At least thirty days have elapsed since the service of aforesaid notice(s) of claim and adjustment or payment thereof has been neglected or refused, and this action is timely commenced.

## THE PARTIES

6. Plaintiffs are and were at all times material herein residents of Brooklyn, County of Kings, City and State of New York.

7. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

8. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

9. Defendant Detective Johnpatrick C. Harrigan [Tax Reg. #950561] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

10. Defendants John Doe and Jane Doe#1-6 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

11. Defendants Harrigan and John Doe and Jane Doe #1-6 are collectively referred to herein as "defendant officers".

12. At all times material to this Complaint, the defendant officers acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. On or about February 28, 2024, at approximately 5:00 a.m., defendant officers, acting in concert and without any warrant or authority, forced their way into the plaintiffs' home which is located at 3415 Neptune Avenue, Apt. 2101, Brooklyn, New York ("premises") and, thereafter, unlawfully seized and/or arrested plaintiffs, unreasonably detained the plaintiffs for a lengthy period of time, and, ultimately, falsely charged A.W. with numerous crimes including, but not limited to, N.Y. PL 120.10(1) 'Assault in the first degree' and N.Y. PL 120.07 'Gang assault in the first degree'.

14. Plaintiffs, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

15. Immediately after forcing their way into the premises, defendant officers tightly handcuffed A.W. with his hands placed behind his back.

16. A.W. complained that the handcuffs were too tight and were causing him to experience pain and numbness.

17. Plaintiffs pleaded with defendant officers to remove or loosen the handcuffs.

18. Defendant officers ignored the plaintiffs' entreaties to remove or loosen the handcuffs.

19. Eventually, defendant officers transported the plaintiffs to NYPD-Transit District 34.

20. A.W. was subjected to an illegal and unlawful search at the station house.

21. While at the station house, defendant officers shackled A.W.'s legs, removed the handcuffs from his back, and handcuffed one of his hands to an object.

22. Kamesha was forced to wait for A.W. at the station house and had her ID Card removed and copied by defendant officers.

23. At some point, defendant officers forcibly snatched Kamesha's phone away from her and ultimately seized the phone.

24. Upon information and belief, defendant officers searched Kamisha's phone without any warrant or authority.
25. Defendant officers' illegal search of the plaintiffs and/or their properties did not yield any contraband.
26. Notwithstanding, defendant officers continued to detain A.W. at the station house where he was interrogated for a lengthy period of time.
27. After detaining A.W. at the station house for a lengthy period of time, A.W. was transported to a juvenile detention center.
28. At some point on February 29, 2024, A.W. was transported to the family courthouse.
29. While waiting at the family courthouse, Kamesha was informed by defendant officers that they had charged A.W. as an adult and that he would be arraigned at the criminal courthouse later the same day, February 29, 2024.
30. At some point following A.W.'s arrest, defendant officers met with prosecutors employed by the Kings County District Attorney's Office.
31. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that A.W. committed the aforesaid crime/offenses.
32. Relying upon the falsified police records, reports and statements, the prosecutors initiated criminal actions against A.W.
33. Eventually, the prosecutors decided to defer A.W.'s prosecution due to the lack of evidence.
34. On February 29, 2024, at approximately 8:00 p.m., Kamesha received a telephone call from defendant officers while she was waiting at the criminal courthouse for A.W.'s arraignment.
35. During the telephone call, defendant officers informed Kamesha that the charges against A.W. had been deferred by the prosecutors and that they had returned him to the station house.
36. Defendant officers informed Kamesha that A.W. could be released to her at the station house.

37. On February 29, 2024, at approximately 8:30 p.m., A.W. was released from his unlawful detention.

38. A.W. sustained physical injuries to his wrists and various parts of his body.

39. Kamesha was forced to take unpaid time off from work because of the arrest and detention.

40. Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

41. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiffs.

42. As a result of the aforesaid actions by defendants, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of rights to familial association, loss of liberty, wages and financial losses, loss of consortium, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

43. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 42 of this complaint as though fully set forth herein.

44. The conduct of defendant officers, as described herein, amounted to false arrest.

45. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

46. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

47. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 46 of this complaint as though fully set forth herein.

48. Defendant officers denied plaintiffs their due process right to be free from continued detention after it was or should have been known that the plaintiffs were entitled to release.

49. The conduct of defendant officers, as described herein, amounted to unreasonable detention.

50. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

51. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE - against defendant officers

52. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 51 of this complaint as though fully set forth herein.

53. Defendant officers subjected plaintiffs to unreasonable search & seizure.

54. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

55. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNLAWFUL ENTRY - against defendant officers

56. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 55 of this complaint as though fully set forth herein.

57. The conduct of defendant officers, as described herein, amounted to unlawful entry.

58. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

59. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

60. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 59 of this complaint as though fully set forth herein.

61. Based on the false testimony of defendant officers, the prosecutors initiated criminal actions against A.W.

62. A.W. was subsequently transported to the family courthouse and, ultimately, the Central Booking.

63. Eventually, the prosecutor deferred A.W.s prosecution.

64. Because of the conduct of the defendants, A.W. was (and/or continues to be) maliciously prosecuted.

65. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

66. Such conduct described herein violated A.W.'s rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

67. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: FABRICATION OF EVIDENCE - against defendant officers

68. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 67 of this complaint as though fully set forth herein.

69. Defendant officers manufactured evidence of criminality against A.W. which the prosecutors relied upon to initiate criminal actions against him.

70. In addition to other things, defendant officers falsely stated to the prosecutors that A.W. assaulted another individual.

71. The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of due process rights.

72. Such conduct described herein violated A.W.'s rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

73. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

74. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 73 of this complaint as though fully set forth herein.

75. Defendant officers purposely or knowingly used unreasonable force against A.W.

76. There was no legitimate governmental interest in defendant officers' unnecessary and wanton infliction of pain and suffering upon A.W.

77. The conduct of defendant officers, as described herein, amounted to excessive use of force.

78. Such conduct described herein violated A.W.'s rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

79. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

80. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 79 of this complaint as though fully set forth herein.

81. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

82. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

83. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

84. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11, & 12 - against defendants

85. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 84 of this complaint as though fully set forth herein.

86. By reason of the foregoing, and by arresting, detaining and/or imprisoning plaintiffs without probable cause or reasonable suspicion, forcibly entering into their home without any warrant or authority, subjecting the plaintiffs and their properties to unreasonable searches and seizures, and harassing and assaulting them and depriving them of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and

immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

87. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11, & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

88. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

89. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

<u>TENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants</u>

90. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 90 of this complaint as though fully set forth herein.

91. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

92. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

ELEVENTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

93. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 92 of this complaint as though fully set forth herein.

94. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

95. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

96. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 95 of this complaint as though fully set forth herein.

97. By reason of and as a consequence of the conduct of defendant officers, A.W. sustained injuries with the accompanying pain.

98. The conduct of the defendants, as described herein, amounted to assault and battery.

99. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (TRESPASS) - against defendants

100. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 99 of this complaint as though fully set forth herein.

101. Defendants unlawfully entered into plaintiffs' premises without any warrant, permission or consent.

102. Defendants performed a warrantless search of the premises, and subjected plaintiffs to an unreasonable search and seizure.

103. The conduct of defendants, as described herein, amounted to trespass.

104. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

105. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 104 of this complaint as though fully set forth herein.

106. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

107. Plaintiffs' emotional distress has damaged their personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

108. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTTEENTH CAUSE OF ACTION: NEW YORK CITY ADMINITRATIVE CODE §§ 8-802, 8-803

109. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 108 of this complaint as though fully set forth herein.

110. By reason of the foregoing, and by arresting, detaining and/or imprisoning plaintiffs without probable cause or reasonable suspicion, forcibly entering into their home without any warrant or authority, subjecting the plaintiffs and their properties to unreasonable searches and seizures, and harassing and assaulting them and depriving them of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities provided under N.Y.C. Admin. Code §§ 8-802 and 8-803.

111. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

112. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 111 of this complaint as though fully set forth herein.

113. Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

114. Upon information and belief, defendant City failed to properly screen, hire and/or retain the defendant officers.

115. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs to prevent the physical and mental abuse sustained by plaintiffs.

116. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiffs or to those in a like situation would probably result from such conduct described herein.

117. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

118. Upon information and belief, defendant City's negligence in screening, hiring, and retaining defendant officers proximately caused plaintiffs' injuries.

WHEREFORE, plaintiffs respectfully pray judgment as follows:

    a.    For compensatory damages against all defendants in an amount to be proven at trial;

    b.    For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c.    For costs of suit herein, including plaintiffs' reasonable attorney's fees; and;

    d.    For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       May 27, 2025

UGO UZOH, P.C.

By: *Ugochukwu Uzoh*
Ugochukwu Uzoh
Attorney for the Plaintiffs
56 Willoughby Street, Third Floor
Brooklyn, N.Y. 11201
Tel. No: (718) 874-6045
Fax No: (718) 576-2685
Email: u.ugochukwu@yahoo.com